*E-FILED: August 19, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMMIR UMAR,<br><br>        Plaintiff,<br>   v.<br><br>CRAIG STORLIE,<br><br>        Defendant.<br>_____/ | No. C12-06071 HRL<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br><br>**(Re: Dkt. 10)** |

In this civil rights suit, Ammir Umar sues Officer Craig Storlie of the San Jose Police Department, alleging that Storlie arrested and incarcerated him for crimes he did not commit. Plaintiff seeks relief under 42 U.S.C. §§ 1983 and 1981, and brings as well state law claims for false imprisonment and negligent infliction of emotional distress. Defendant moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss all claims as time-barred. Plaintiff opposes the motion. All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Upon consideration of the moving and responding papers, and the arguments made by counsel at the February 26, 2013 hearing, the court denies defendant's motion.

**BACKGROUND**

The following facts are from plaintiff's complaint and assumed to be true for purposes of deciding defendant's motion to dismiss. San Jose Police Officers arrested plaintiff on September

13, 2010. (Complaint for Damages, Dkt. 1 "Compl.", ¶ 34). Plaintiff was charged with two felony counts of grand theft and one felony count of obtaining money by false pretenses. (*Id.* at ¶¶ 2, 36). Plaintiff was incarcerated for one month in the Santa Clara County Main Jail while the charges against him were pending. (*Id.* at ¶ 2). On November 22, 2010, the criminal case against plaintiff was dismissed. (*Id.* at ¶ 3).

The Santa Clara County Superior Court declared plaintiff factually innocent on December 15, 2011. (*Id.* at ¶ 4). On or around June 4, 2012, plaintiff presented a written claim for damages with the City of San Jose. (*Id.* at ¶ 8). Two days later, the City issued a Notice of Rejection Claim. (*Id.* at ¶ 8). Plaintiff filed this complaint in federal court on November 30, 2012. (*See* Compl.)

## DISCUSSION

**A. Applicable Law**

A motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *See id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994).

If the running of the statute of limitations is apparent on the face of a complaint, a claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6). *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). In deciding a motion to dismiss, the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). "Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion." *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir.1995) (internal citations and

quotation marks omitted); *see also Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1140 (9th Cir 2001) (stating that, "only in the rare case" could the analysis of California's equitable tolling doctrine proceed at the pleading stage). "A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Supermail Cargo, Inc.*, 68 F.3d at 1206 (internal citations and quotation marks omitted).

For section 1983 and 1981 claims arising in California, the limitation period is California's two-year statute of limitation for personal injury claims. *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1140 (9th Cir. 2000); *Maldonado v. Harris*, 370 F.3d 945, 954–955 (9th Cir.2004); Cal.Civ.Proc.Code § 335.1. The claims accrue when plaintiff knows or has reason to know of the injury that forms the basis of the claim. *Maldonado*, 370 F.3d at 954.

When borrowing a state statute of limitations, federal courts apply the state's tolling law as long as it is not inconsistent with federal law. *Retail Clerks Union Local 648, AFL-CIO v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1033 (9th Cir. 1983). California equitably tolls the statute of limitations during the pendency of an earlier action if there is "timely notice, and lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff." *Jackson v. Hayakawa*, 605 F.2d 1121, 1127 (9th Cir.1979) (quoting *Addison v. State*, 146 Cal.Rptr. 224, 227 (1978)). The actions need not be identical, nor is it necessary that the earlier action seek the same relief. *See Retail Clerks Union Local 648, AFL-CIO v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1033 (9th Cir. 1983) (citing *Elkins v. Derby*, 115 Cal.Rptr. 641, 643 (1974)).

In order to bring a civil claim under state law against a Public Entity or Public Employee, a plaintiff must present a claim to the City of San Jose within six months after the accrual of the cause of action. Cal. Gov't Code § 911.2(a). The statute of limitations for false imprisonment claims is one year. Cal. Code of Civ. P. § 340(c). The statute of limitations for claims of negligent infliction of emotional distress is two years. *See Potter v. Firestone*, 6 Cal. 4th 965, 984 (1993).

### B. Federal Claims

Defendant argues that the statute of limitations on plaintiff's Section 1983 and 1981 claims began to run no later than November 22, 2010, or the day that plaintiff was released from custody,

and expired no later than November 22, 2012. Plaintiff filed his complaint eight days later, on November 30, 2012.

The complaint does allege, however, that plaintiff filed earlier actions that may have tolled the statute of limitations. The complaint states the Santa Clara County Superior Court declared plaintiff factually innocent on December 15, 2011, from which the Court infers that plaintiff filed a Petition for a Determination of Factual Innocence. Plaintiff also alleged that he presented a written claim for damages with the City of San Jose. These prior actions may provide grounds for equitably tolling the statute of limitations during their pendency. Without any tolling, plaintiff missed the statute of limitations for his federal claims by a narrow margin. The Complaint does not provide the dates during which plaintiff's Petition pended before the Santa Clara County Superior Court[1], but it does state that his claim was before the City of San Jose for two days. (Compl. at ¶ 8). Considering plaintiff's prior actions, the possibility of equitable tolling, and construing the inferences of the Complaint in plaintiff's favor, the Court does not find that the running of the statute of limitations on plaintiff's federal claims is apparent on the face of the Complaint.

Defendant argues that it will be prejudiced by any tolling, claiming that, as a result of plaintiff's successful petition, "the criminal records have been sealed, the arrest records destroyed and the file expunged." (Reply to Motion to Dismiss, Dkt. 15 at 4). As the Court reads Section 851.8 of the California penal Code, however, a successful petition results in an order requiring the relevant law enforcement agencies to *seal* all records for three years from the date of arrest and *then* destroy records, after three years. Cal. Penal Code § 851.8(b). As all records should be under seal, and not destroyed, until at least September 13, 2013, defendant's claim of prejudice, based on the language of the statute, is unavailing.

### C. State Law Claims

Under the same logic, the Court declines to grant defendant's motion to dismiss the state law claims. Plaintiff would have had to file his Petition for a finding of Factual Innocence within six months of the accrual of his cause of action in order for any equitable tolling to affect the timeliness

---

[1] Plaintiff's Opposition to the Motion to Dismiss states a date when plaintiff filed the Petition but attaches no declaration or copy of the Petition itself. The Court is unable to take judicial notice of facts merely stated in a brief.

4

of his state law claims. Based solely on the pleadings, the Court cannot, at this stage in the proceedings, rule out the possibility that he did.

**CONCLUSION**

Suffice to say that the court is not now deciding whether Umar's claims are tolled. And, this is not the time for the presentation of evidence.[2] The only question before the court on the instant motion is whether the complaint alleges sufficient facts which, if proven, would entitle plaintiff to relief. For present purposes, all material allegations in the Complaint are deemed true. And, construing the allegations in a light most favorable to plaintiff, the Complaint on its face indicates that plaintiff filed previous actions that may have equitably tolled the statute of limitations by the narrow margin required to timely file the current action. Whether plaintiff will actually succeed in establishing his claims for relief remains to be seen. On the record presented, however, the court finds that plaintiff has succeeded in pleading sufficient facts to avoid dismissal, at least for now.

Based on the foregoing, defendant's motion to dismiss is denied.

**SO ORDERED.**

Dated: August 19, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] If defendant has evidence that he believes will show that tolling is not warranted and that he is entitled to judgment, he certainly may present that evidence at an appropriate time and on an appropriate motion later.

1  **C12-06071 HRL Order will be electronically mailed to:**

2  Jaime Alejandro Leanos  jleanoslaw@pacbell.net, florysel-leanos@pacbell.net, vdewanlaw@gmail.com

3  Nora Valerie Frimann  cao.main@sanjoseca.gov, Brande.Gex@sanjoseca.gov

4  Shannon Smyth-Mendoza  cao.main@sanjoseca.gov, shannon.smyth-mendoza@sanjoseca.gov

5  **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**