*E-Filed: April 14, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMMIR UMAR,<br><br>    Plaintiff,<br>  v.<br><br>CRAIG STORLIE, INDIVIDUALLY AND AS AN OFFICER OF THE SAN JOSE POLICE DEPARTMENT<br><br>    Defendant.<br>_____/ | No. C12-06071 HRL<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Re: Docket No. 33]** |

Ammir Umar sues Officer Craig Storlie based on 42 U.S.C. § 1983 for deprivation of his Fourth and Fourteenth Amendment rights, as well as related state law claims for false imprisonment and negligent infliction of emotion distress. *See* Complaint, Dkt. 1. Defendant moves for summary judgment or, in the alternative, partial summary judgment, on all claims for relief. *See* Defendant's Motion for Summary Judgment, Dkt. 33 ("Motion"). Plaintiff opposes the motion. *See* Plaintiff's Opposition to Defendant's Motion, Dkt. 39 ("Opp'n"). The parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Upon consideration of the moving and responding papers, as well as arguments of counsel at the hearing on March 4, 2014, the motion is DENIED.

**BACKGROUND**

In June and August 2011, a pair of males committed two thefts in parking lots by selling victims empty boxes they claimed contained TVs. Both times, one suspect gave his cell phone

number to the victims.  Storlie, the lead investigator assigned to the thefts, entered the phone number into a database which indicated that the number was registered to "Umar Well."  The database linked "Umar Well" to the father in two paternity cases identified as using the names or aliases Malik Umar, Malik Amir Umar, and Malik Abdour Rahman Umar.  The children involved in the paternity cases were named Ammir Umar (Plaintiff) and Lemia Wells.

After some further investigation, Storlie put together a photo lineup using the DMV photos of Ammir Umar and five other males.  Storlie was in attendance while another detective presented the photo lineup to one of the victims, Victor Tejada.  Ammir Umar's photo was the second one shown.  At the conclusion of the photo lineup, Tejada signed a witness statement providing, "#2's smile and teeth looks like the driver I spoke to."  Tejada now testifies that he told the officers that the smile was the only resembling feature and that the person shown in photograph two was not the suspect.

After the lineup, Storlie applied for an arrest warrant with a supporting affidavit.  Storlie's statement in support of probable cause said the following:  "A database search of suspect's cell revealed that it was registered to a subject with the name of Umar, Ammir.  I created a photo lineup.  The victim positively identified the photo of Umar in the photo lineup by stating that he recognized his smile, 'white' teeth and mouth."  The judge issued the warrant and Ammir Umar was arrested.

Umar's first claim for relief alleges that Storlie deprived him of his Fourth and Fourteenth Amendment rights by knowingly and wilfully conducting negligent investigation and suggestive and improper photographic identification that led to Umar's false arrest and the filing of charges against him.  His second and third claims for relief are for false imprisonment and negligent infliction of emotional distress, respectively.

Storlie moves for summary judgment on several grounds.  First, he asserts that he is not liable for any claims because he did not personally present the photo lineup, nor did he personally arrest, interrogate, or incarcerate Umar.  Additionally, he did not deprive Umar of any constitutional rights because he had a valid arrest warrant and probable cause to believe that Umar committed a crime.  In any case, he is entitled to qualified immunity on the § 1983 claim and is similarly

1 protected by provisions of California Government and Penal Codes with respect to the state law
2 claims.

3 Umar opposes the motion and argues that Storlie did not have probable cause to arrest Umar
4 because the photo lineup was unduly suggestive and he provided misinformation on the affidavit.
5 Moreover, he is not entitled to qualified immunity for his judicial deception, nor does California law
6 provide immunity for false arrest and related claims.

## LEGAL STANDARD

8 A motion for summary judgment should be granted if there is no genuine dispute of material
9 fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson
10 v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of
11 informing the court of the basis for the motion, and identifying portions of the pleadings,
12 depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a
13 triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to meet
14 its burden, "the moving party must either produce evidence negating an essential element of the
15 nonmoving party's claim or defense or show that the nonmoving party does not have enough
16 evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire &
17 Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

18 If the moving party meets its initial burden, the burden shifts to the non-moving party to
19 produce evidence supporting its claims or defenses. *See Nissan Fire & Marine Ins. Co., Ltd.*, 210
20 F.3d at 1102. The non-moving party may not rest upon mere allegations or denials of the adverse
21 party's evidence, but instead must produce admissible evidence that shows there is a genuine issue
22 of material fact for trial. *See id.* A genuine issue of fact is one that could reasonably be resolved in
23 favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the
24 governing law. *Anderson*, 477 U.S. at 248-49.

25 "When the nonmoving party has the burden of proof at trial, the moving party need only
26 point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux
27 v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 325). Once the
28 moving party meets this burden, the nonmoving party may not rest upon mere allegations or denials,

but must present evidence sufficient to demonstrate that there is a genuine issue for trial. *Id.*

**DISCUSSION**

A. Section 1983 Claim

"Section 1983 provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990). "[A] person subjects another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made. The requisite causal connection may be established when an official sets in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict constitutional harms." *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (citations omitted) (internal quotation marks omitted).

"[A] private party may bring a § 1983 claim for an arrest pursuant to an improperly issued arrest warrant . . . ." *Smith v. Almada*, 640 F.3d 931, 937 (9th Cir. 2011). "To maintain a false arrest claim for judicial deception, a plaintiff must show that the officer who applied for the arrest warrant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause. The materiality element – a question for the court – requires the plaintiff to demonstrate that the magistrate would not have issued the warrant with false information redacted, or omitted information restored." *Id.*

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established law.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "It is clearly established that judicial deception may not be employed to obtain a search warrant." *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004) (citing *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)).

Storlie asserts that Umar cannot establish that he acted recklessly or that any alleged misrepresentations were material to the finding of probable cause. Umar counters that his statements at least amount to reckless disregard for the truth, and the warrant would not have issued

4

but for his misstatements. Viewing the facts in the light most favorable to Umar, the Court agrees with him.

Here, only two facts supported the issuance of the arrest warrant: (1) the suspect's phone number was *registered* to Ammir Umar; and (2) Tejada positively identified Umar by recognizing his smile. The first statement is patently incorrect. The suspect's phone number was not, in fact, registered to Ammir Umar; it was registered to "Umar Well." While there may be some connection between the two names – Storlie believes that Umar Well is an alias used by Ammir Umar's biological father, Malik Umar, because he also has a daughter named Lemia Wells – it is significantly weaker than Storlie expressly represented in his affidavit.

As for the second statement, it is undisputed that Tejada said Umar's smile resembled that of one of the suspects. However, Tejada also asserts that he expressly told the officers that Umar was not the guy that robbed him. If true, then excluding this information from Storlie's affidavit was materially misleading. Had it been included, along with an accurate description of the association between Ammir Umar and "Umar Well," a neutral magistrate may well have not found that probable cause existed, and the warrant would not have issued. Thus, Umar has raised a genuine dispute of material fact as to whether the warrant was obtained by judicial deception and, consequently, whether he was arrested without probable cause in violation of his Fourth Amendment rights. Additionally, as it is clearly established that judicial deception may not be employed to obtain a warrant, Storlie is not entitled to qualified immunity on summary judgment.

Finally, Storlie's lack of personal involvement in certain stages of the investigation and arrest do not negate his liability. Viewing the facts in the light most favorable to Umar, Storlie set in motion a series of acts by others which he reasonably should have known would cause them to arrest Umar without probable cause. Accordingly, Storlie's motion for summary judgment is denied with respect to Umar's first claim for relief.[1]

B. State Law Claims – False Imprisonment; Negligent Infliction of Emotional Distress

California law immunizes officers from claims of false arrest or imprisonment where either: "(1) The arrest was lawful, or the peace officer, at the time of the arrest, had reasonable cause to

---

[1] Because it is unnecessary for determination of this motion, the Court declines to address the parties' arguments with respect to the propriety of the photo lineup.

believe the arrest was lawful.  (2) The arrest was made pursuant to a charge made, upon reasonable cause, of the commission of a felony by the person to be arrested." Cal. Penal Code § 847(b).  As discussed above, a genuine dispute exists as to whether Storlie engaged in judicial deception causing Umar to be arrested pursuant to an invalid warrant and without probable cause.   Thus, viewing the facts in the light most favorable to Umar, a jury could find that the arrest was not lawful, Storlie did not have reasonable cause to believe it was lawful, and it was not made pursuant to a felony charge made upon reasonable cause.  Accordingly, Storlie is not entitled to immunity from the false imprisonment claim at summary judgment.  Likewise, he is not entitled to immunity from Umar's claim for negligent infliction of emotional distress insofar as it is based on the false imprisonment.  *But see Asgari v. City of Los Angeles*, 15 Cal. 4th 744 (1997) (limiting officer's liability for false arrest and negligent infliction of emotion distress to period before plaintiff was arraigned on criminal charges, at which point officer was protected by immunity from malicious prosecution pursuant to Cal. Govt. Code § 821.6).  Accordingly, Storlie's motion for summary judgment is denied as to Umar's state law claims as well.

**IT IS SO ORDERED.**

Dated:  April 14, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C12-06071 HRL** N**otice will be electronically mailed to:**

Jaime Alejandro Leanos    jleanoslaw@pacbell.net, florysel-leanos@pacbell.net, vdewanlaw@gmail.com

Nora Valerie Frimann    cao.main@sanjoseca.gov

Shannon Smyth-Mendoza    cao.main@sanjoseca.gov, shannon.smyth-mendoza@sanjoseca.gov

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**