*E-Filed: October 16, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMMIR UMAR,<br><br>    Plaintiff,<br>  v.<br><br>CRAIG STORLIE,<br><br>    Defendant.<br>_____/ | No. C12-06071 HRL<br><br>**ORDER SETTING FURTHER PRETRIAL CONFERENCE** |

A further pretrial conference is set for October 29, 2014, at 1:30 p.m. The topics for discussion will include the following:

1. The parties still need to agree on a brief, "plain vanilla" description of the case that the court may read to the jury panel prior to beginning voir dire.

2. How do the parties want to handle telling the jury the "Undisputed Facts" listed on page 5 of the Joint Pretrial Conference Statement?

3. Re: Exhibits.

   a. By now the parties should have agreed on what portions of the video of Umar's interrogation should be played for the jury.

   b. Are the parties serious about admitting the entire written transcript of that interrogation?

   c. Defendant recently submitted proposed Supplemental Exhibits 1, 2, and 3. Does plaintiff object? Why submitted late? Is defendant serious about the dozens of pages

in this new Exhibit 2? (Indeed, what could be more confusing than submitting Supplemental Exhibits numbered 1, 2, and 3 when earlier exhibits are numbered 1, 2, and 3?) Counsel shall get all exhibits in a single binder, sequentially numbered, one binder for each of them, one for the court, and one for use by witnesses on the stand. The one used by witnesses shall ultimately go into the jury room.

    d. The court excluded the Metro PC telephone records. They may be marked for identification, but not put in the binder going into the jury room. (This is also true for any other exhibit the court might exclude.) Do not re-number the Exhibits just because the court may exclude one. There will simply be a number tab in the binder with no Exhibit behind it.

    e. Defendant recently submitted a signed and filed copy of the Felony Complaint, and this should be substituted for what is now marked Exhibit 6 in each of the four Exhibit Binders.

4. Re: Jury Instructions.

    a. Plaintiff's objection to the offered "mitigation" instruction (No. 3) is sustained.

    b. Plaintiff's objection to the "qualified immunity" instruction (No. 11) is sustained. Indeed, from where did defendant get this instruction? He cites as his authority Ninth Circuit Model Jury Instruction 9.26. However, there is NO SUCH MODEL INSTRUCTION, and there has not been one as least back as far as 2007. Furthermore, the alleged constitutional deprivation in this case is the use of false information to support a probable cause showing for issuance of an arrest warrant. This court earlier denied defendant's motion for summary judgment on qualified immunity, and there seems to be no question on that topic to submit to the jury.

    c. Instructions Nos. 17, 23, and 24 on "limitation of damages" need to be reworked to track the court's ruling on Defendant's Motion in Limine No. 2.

    d. Objections to Instructions Nos. 21 and 22 are sustained.

    e. The Instructions that are specific to the individual claims for relief should each be preceded with a header telling the jury which claim that instruction pertains to.

f. The primary Instruction on "probable cause" is No. 9, but it concerns the familiar situation where the dispute is over whether an officer without a warrant wrongfully "seized" someone. It tells the jury nothing about an improperly obtained arrest warrant. The dispute in the present case is, in effect, whether Storlie gave misinformation to the judge which resulted in an arrest warrant that was not supported by probable cause. Is No. 9, which has been jointly offered, really the best the parties can do? Instruction No. 10 does not seem to offer much guidance either.

5. Verdict Forms

Plaintiff and defendant have each offered a proposed Verdict Form. They both need work.

a. If plaintiff is serious about all three of his claims for relief, each should be identified and appropriate questions posed. Also, questions 2 and 4 seem to ask the same thing. And, the form fails to always instruct the jury what to do next depending on its answer to the preceding question. (See the first two lines at page 3. What is the jury to do if it answers "No" to questions 1 or 2?) If the jury answers "No" to question 3, why would it be asked to answer No. 4?

b. Defendant's is both argumentative and confusing. Is 1983 liability limited to "intentional" actions by a defendant? What about "reckless"? The court is also skeptical whether question 1 is a correct statement of the law and whether a "yes" answer to that question trumps all else.

Counsel are directed to meet and confer promptly and attempt to reach agreement on the issues the court has raised. They shall file the results of their efforts, preferably including a joint report, (and lodge the revised Exhibit Binder) no later than 10:00 a.m. on October 27, 2014.

**IT IS SO ORDERED.**

Dated: October 16, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C12-06071 HRL** N**otice will be electronically mailed to:**

Christian Bayard Nielsen    CAO.Main@sanjoseca.gov, Chris.Nielsen@sanjoseca.gov

Jaime Alejandro Leanos    jleanoslaw@pacbell.net, florysel-leanos@pacbell.net, vdewanlaw@gmail.com

Nora Valerie Frimann    cao.main@sanjoseca.gov

Shannon Smyth-Mendoza    cao.main@sanjoseca.gov, shannon.smyth-mendoza@sanjoseca.gov

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**